IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| *Plastic the Movie Limited,*<br>            Plaintiff,<br><br>v.<br><br>John Doe Subscriber assigned IP Address 24.0.105.163<br>            Defendant. | Civil Action No. 1:15-cv-02446-JHR-JS<br><br>NOTICE OF MOTION |

PLEASE TAKE NOTICE JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 24.0.105.163 will move before the Honorable Harold A. Baker, J.S.D.J. on July 20, 2015 for an Order Quashing the Subpoena served by Plaintiff on Joe Doe Subscriber Assigned IP Address 24.0.105.163

In support of my motion, I will rely on the attached brief.

WHITE AND WILLIAMS LLP

*s/ Kevin F. Berry*
Kevin F. Berry
(Id. No. 033641995)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
Tel. (215) 864-6290
berryk@whiteandwilliams.com

*Attorneys for the Defendant*

15492824v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| *Plastic the Movie Limited*, <br><br> Plaintiff, <br><br> v. <br><br> John Doe Subscriber assigned IP Address 24.0.105.163 <br> Defendant. | Civil Action No. 1:15-cv-02446-JHR-JS |

## JOHN DOE SUBSCRIBER 24.0.105.163 'S MOTION TO QUASH SUBPOENA

Now comes, John Doe Subscriber assigned IP Address 24.0.105.163 ("DOE 163"), by and through his attorneys, White and Williams LLP and states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 163 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast Cable Holdings, LLC (Comcast").

2. Plaintiff filed suit in the United States District Court for the District of New Jersey Civil Action No. 1:15-cv-02446-JHR-JS against numerous unnamed DOE defendants, who are identified in its Amended Complaint only by internet protocol (IP) addresses.

3. Plaintiff alleges that these DOE defendants have obtained a video in violation of Plaintiff's copyrights. There have been over 150 Bit Torrent, John Doe, lawsuits filed by Plastic this year in various federal courts in the United States.

4. DOE 163 is a customer of Comcast, an internet service provider (ISP) that provides internet service to its customers, including DOE 163.

15491045v.1

5. Plaintiff, Plastic the Movie Limited ("Plastic"), on information and belief, is a producer of entertainment films and content. Plaintiff served a subpoena on Custodian of Records, Comcast, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE 163, so DOE 163 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the subpoena is attached as Exhibit A.

6. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. Plastic has failed to show the District of New Jersey has personal jurisdiction over any of the DOEs at this point.

7. Plaintiff filed an *ex parte* application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Comcast, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Complaint.

8. Magistrate Judge Joel Schneider of the District of New Jersey, entered the Order attached hereto as Exhibit B, dated May 6 2015, permitting service of subpoenas on ISPs.

9. Magistrate Judge Schneider also set a schedule for filing motions to quash by a subscriber for 30 days following receipt of notice of the subpoena. DOE 163 was served with the notice on May 16, 2015 yet Comcast's notice gave a June 17, 2015 deadline for filing a motion to quash. In either event this motion is timely.

-3-

10. For the reasons set forth in the attached Memorandum of Law in support of this motion, DOE 163 requests that this Court quash the subpoena served on Comcast in this matter.

          Respectfully submitted,

          **WHITE AND WILLIAMS LLP**

          *s/ Kevin F. Berry*
          Kevin F. Berry
          (Id. No. 033641995)
          1650 Market Street
          One Liberty Place, Suite 1800
          Philadelphia, PA  19103
          Tel. (215) 864-6290
          berryk@whiteandwilliams.com

          *Attorneys for the Defendant*

Dated: June 12, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| *Plastic the Movie Limited*, <br><br> Plaintiff, <br><br> v. <br><br> John Doe Subscriber Assigned IP Address 24.0.105.163 <br> Defendant. | Civil Action No. 1:15-cv-02446-JHR-JS |

### MEMORANDUM OF LAW IN SUPPORT OF JOHN DOE SUBSCRIBER 24.0.105.163'S MOTION TO QUASH SUBPOENA

Now comes, John Doe Subscriber assigned IP Address 24.0.105.163 ("DOE 163"), by and through his attorneys, White and Williams LLP and states as follows:

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 163 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast Cable Holdings, LLC (Comcast"), because the subpoena requires disclosure of protected information and subjects DOE 163 to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE 163 to alleged infringing activity.

### I.     PROCEDURAL POSTURE

Plaintiff filed suit in the United States District Court for the District of New Jersey Civil Action No. 1:15-cv-02446-JHR-JS against numerous unnamed DOE defendants, who are identified in its Amended Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained a video in violation of Plaintiff's copyrights. There

15433972v.1

have been over 150 Bit Torrent, John Doe, lawsuits filed by Plastic this year in various federal courts in the United States.

DOE 163 is a customer of Comcast, an internet service provider (ISP) that provides internet service to its customers, including DOE 163. Plaintiff, Plastic the Movie Limited ("Plastic"), on information and belief, is a producer of entertainment films and content. Plaintiff served a subpoena on Custodian of Records, Comcast, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE 163, so DOE 163 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the subpoena is attached as **Exhibit A.**

DOE 163 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE 163 has personal and proprietary interests. DOE 163 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. Plastic has failed to show the District of New Jersey has personal jurisdiction over any of the DOEs at this point.

## II.   ARGUMENT IN OPPOSITION TO DISCLOSURE OF DOE 163'S IDENTITY

Plaintiff filed an *ex parte* application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Comcast, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Complaint. Magistrate Judge Joel Schneider of the District of New Jersey, entered the order

attached hereto as **Exhibit B**, dated May 6, 2015, permitting service of subpoenas on ISPs. Magistrate Judge Schneider also set a schedule for filing motions to quash by a subscriber for 30 days following receipt of notice of the subpoena. DOE 163 was served with the notice on May 16, 2015 yet Comcast's notice gave a June 17, 2015 deadline for filing a motion to quash. In either event this motions is timely.

The Plastic complaint and *ex parte* request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, *VPR Internationale v. DOES 1-1017*, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter *VPR Internationale* Order], attached hereto as **Exhibit C**. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. *Id*. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Comcast). After the raid revealed no pornography on the family computers,

-3-

15433972v.1

federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. *Id.* This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Comcast to turn over the requested information, DOE 163 would suffer a reputational injury.

DOE 163 resides in a three-story residential structure that had been subdivided into various individual sleeping rooms and common areas. DOE 163 also operates a business from the residence, which business contracted with the internet service provider. His personal computer and internet service connection was maintained in a common lounge area on the third floor of said structure. Any resident in the building, any business invitee or licensee, or any passerby to the property had access to said personal computer and had ample opportunity to use DOE 163 IP address, for their own purposes, without detection. The likelihood that an individual, other than DOE 163, infringed Plaintiff's copyrights is too great to support any correlation between DOE 163 and the alleged violation that Plaintiff seeks to prove. In short, Plaintiff here is conducting a fishing expedition. Here, the risk of reputational injury to a person from public exposure and association with the Plastic allegations—even if later disproven—is too great and presents an undue burden to DOE 163 under FED. R. CIV. P. 45(c)(3)(A)(iv). *See VPR Internationale* Order, at 3.

If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE 163 will face untold reputational injury, harassment, embarrassment and expense. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a

-4-

suspect." *Id.* at 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

*Id.* Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. *Id.* Such abuse of the discovery process cannot be allowed to continue. The abuses of others who are acting in similar fashion to Plastics was likewise recognized by Judge Timothy S. Black in a recently filed opinion in *Malibu Media LLC v. Austen Downs*, C.A. No.: 1:14-cv-00707-TSB (USDC, SDNY) (May 26, 2015).

Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. *VPR Internationale* Order, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. *Id.* Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE

163 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE 163 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury and undue expense on the other, means that this subpoena fails the Rule 26 balancing test. *Id.* Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE 163 if allowed to proceed. Good cause exists to quash the subpoena served on Comcast to compel the disclosure of the name, address, telephone number and e-mail address of DOE 163.

For the reasons set forth above, DOE 163 requests that this Court quash the subpoena served on Comcast in this matter.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*s/ Kevin F. Berry*
Kevin F. Berry
(Id. No. 033641995)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
Tel. (215) 864-6290
berryk@whiteandwilliams.com

*Attorneys for the Defendant*