[Doc. No. 7]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **PLASTIC THE MOVIE LIMITED,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | Civil No. 15-2446 (JHR/JS) |
| : | |
| **JOHN DOE SUBSCRIBER ASSIGNED** : | |
| **IP ADDRESS 24.0.105.163** : | |
| : | |
| Defendant. : | |
| _____: | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the "Motion to Quash Subpoena" [Doc. No. 7] filed by defendant John Doe Subscriber Assigned IP Address 24.0.105.163 ("John Doe 163"). The Court has received plaintiff's opposition. [Doc. No. 8]. The Court exercises its discretion to decide defendant's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, defendant's motion to quash is DENIED.

### BACKGROUND

Plaintiff owns the copyright to the film "Plastic." Plaintiff alleges defendant used Bit Torrent, a protocol for peer-to-peer computer file sharing, to obtain a copy of Plastic in violation of plaintiff's copyright. Defendant is a customer of Comcast and is

1

identified only by his IP address. Plaintiff filed an application for "early discovery" in order to serve a subpoena on Comcast to determine defendant's identity. After finding good cause to conduct early discovery, the Court entered an Order on May 6, 2015 permitting plaintiff to serve a subpoena on Comcast to discover the name and address associated with defendant's IP address. The Court set a deadline of thirty (30) days following receipt of notice of the subpoena for the IP subscriber to contest the subpoena. Defendant's motion to quash was timely filed. For the reasons to be discussed, defendant's motion is DENIED.

**DISCUSSION**

Fed. R. Civ. P. 45(d)(3)(A) sets forth the circumstances under which a court may quash a subpoena. A subpoena may be quashed if it fails to allow a reasonable time to comply, requires excessive travel by a non-party, requires disclosure of privileged matter, or subjects a person to an undue burden. "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Fed. R. Civ. P. 45 are satisfied." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 68.38.209.12, C.A. No. 14-3945 (MAS/DEA), 2015 U.S. Dist. LEXIS 79005, at *5 (D.N.J. June 18, 2015) (internal citation omitted) (hereinafter, "Malibu Media 2015").

The Court finds defendant has failed to demonstrate sufficient grounds to quash plaintiff's subpoena. Defendant's motion to quash advances six arguments. Defendant argues: (1) the information sought by the subpoena is privileged and confidential; (2) defendant will suffer reputational injury given the nature of the allegations and the material in question; (3) the subpoena imposes an undue burden; (4) the information sought is not relevant; (5) there is a risk of false identification and false accusations; and (6) plaintiff's request fails the Rule 26 balancing test after weighing the relevance of the requested information against the burden to defendant. The Court will address each of defendant's arguments.

First, the information sought is not privileged or confidential. Defendant claims that the subpoena "seeks disclosure of personal information considered to be confidential over which John Doe 163 has personal and proprietary interests." Def.'s Br. at 2. Courts have consistently ruled that, "Internet subscribers do not have a reasonable expectation of privacy in their subscriber information." Malibu Media 2015, at *6 (citation omitted); Raw Films, Ltd. v. John Does 1-15, C.A. No. 11-7248 (SJM), 2012 WL 1019067, at *8 (E.D. Pa. Mar. 26, 2012) ("[S]uch expectation [of privacy] is at most minimal."). This is because internet

3

subscribers have "already voluntarily conveyed their subscriber information – name, address, and phone number to their [I]nternet [S]ervice [P]rovider." Malibu Media 2015, at *6. In other words, the information sought is not privileged or confidential since it is already voluntarily shared with the ISP. This expectation is even lower where the alleged transmissions include copyright protected works. See Sony Music Entertainment Inc. v. John Does 1-15, 326 F. Supp. 2d 556, 566-67 (S.D.N.Y. July 26, 2004) ("Defendants have little expectation of privacy in downloading and distributing copyrighted [material] without permission."); In re Verizon Services, Inc., 257 F. Supp. 2d 244, 267 (D.D.C. Apr. 24, 2003) ("A Doe defendant who has allegedly used the internet to unlawfully download and disseminate copyrighted material does not have a significant expectation of privacy."). Therefore, defendant's argument that the subpoena must be quashed because it seeks privileged or confidential information is rejected.

Second, the Court rejects defendant's argument that it will suffer reputational injury if the motion to quash is not granted. Defendant argues that given the nature of the allegations and material in question, John Doe 163 "will face untold reputational injury, harassment, embarrassment, and expense." Def.'s Br. at 4. Defendants must show a "clearly defined and serious injury" in

4

order to establish an undue burden or a risk of reputational injury. See Malibu Media, LLC v. John Does 1-15, C.A. No. 12-2077, 2012 WL 3089383, at *9. (E.D. Pa. July 30, 2012) (internal citations omitted) ("[A] broad claim of reputational injury fails to demonstrate a 'clearly defined and serious injury.'"). In the present case, defendant's claim of reputational injury is too general. Defendant attempts to equate the reputational risk at stake in the present case to a case concerning child pornography wherein a plaintiff also sought expedited discovery. Def.'s Br. at 3. The nature of the allegation in this suit involves infringement of a mainstream theatrical release in violation of plaintiff's copyright. Defendant's attempt to equate the reputational damage of being accused of downloading child pornography with being accused of downloading a mainstream movie is misplaced. Def.'s Br. at 3. As a result, the risk of reputational injury is not clearly defined and serious, and, therefore defendant's argument that reputational injury will occur is rejected.

    Third, plaintiff's subpoena does not impose an undue burden on defendant. Generally, a party cannot challenge a third-party subpoena based on a theory of undue burden. See Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *8 ("Defendant is not faced with an undue burden because the subpoena is directed at the

[I]nternet [S]ervice [P]rovider and not the [d]efendant."); Malibu Media, LLC v. John Does No. 1-30, C.A. No. 12-3896, 2012 WL 6203697, at *4 (D.N.J. Dec. 12, 2012) ("Defendants do not have standing to contest the third-party [s]ubpoenas on the basis of undue burden."); Third Degree Films, Inc. v. Does 1-118, C.A. No. 11-3006, 2011 WL 6837774, at *3 (D. Md. Dec. 28, 2011) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe defendants and accordingly does not require them to produce any information or otherwise respond."). "Instead, [i]t is the Internet Service Provider that is compelled to disclose the information, and thus, its prerogative to claim an undue burden." Malibu Media 2015, at *7 (citing Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *8). Here, because the subpoena was served on Comcast, defendant lacks standing to establish that it imposes an undue burden. Further, even if defendant had standing to raise a burden objection the burden to Comcast of complying with plaintiff's subpoena is likely minimal.

Fourth, the information plaintiff seeks is relevant to the instant case. "A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." Malibu Media 2015, at *8 (citing

6

<u>Schmulovich v. 1161 R. 9 LLC, et al.</u>, C.A. No. 07-597 (FLW), 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007)). "If a subpoena falls outside the scope of permissible discovery, the Court has the authority to quash or modify it upon timely motion by the party served." <u>Id.</u> The scope of discovery in federal litigation is broad, and parties may obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense – including … the identity and location of persons who know of any discoverable matter." <u>See</u> Fed. R. Civ. P. 26(b)(1). Defendant asserts that his subscriber information should not be disclosed because the information only identifies the subscriber and not the alleged infringer. The Court is not persuaded by defendant's argument. The appropriate inquiry under Rule 26(b)(1) is not whether the information sought will lead to identifying the infringer but whether the information sought may reasonably lead to the discovery of admissible evidence. The Court notes that while it is possible that the subscriber did not download plaintiff's movie, it is also reasonable to infer that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. <u>See</u> <u>Malibu Media, LLC v. John Does 1-18</u>, C.A. No. 12-07789 (KM/MCA), 2014 WL 229295, at *9 (D.N.J. Jan. 21. 2014). As such, the Court finds that the information sought by the

7

subpoena is relevant.

Fifth, the Court rejects defendant's argument that there is a risk of false identification and false accusation. Although ultimately there may not be a correlation between the individual subscriber, the IP address, and the infringing activity, this is not a good reason to quash plaintiff's subpoena. The purpose of expedited discovery is to weed out who the infringer is and to identify the alleged culprit. See Malibu Media LLC, v. John Does 1-11, C.A. No. 12-7726 (KM), 2013 WL 1504927, at *6 (D.N.J. April 11, 2013) ("[E]ven if the information itself is not admissible evidence because the subscriber is not the alleged infringer, the information might lead to the discovery of other admissible evidence pertaining to the identity of the alleged infringer."). The possibility that the infringing activity could be the fault of someone other than the subscriber is insufficient to rule that the plaintiff is not entitled to the requested discovery. Id. Plaintiff ultimately seeks to identify the infringer, not, as defendant alleges, to attach liability to innocent persons. In this context courts have held that plaintiffs' attempts to enforce their rights outweigh the possibility of false allegations. "If any defendant could quash a subpoena based on the mere possibility that someone else has used the defendant's subscriber IP address to perpetuate

8

the alleged infringement, then a plaintiff would be unable to enforce his rights." Malibu Media, LLC v. John Does 1-18, 2014 WL 229295, at *8 (internal quotations and citations omitted). For these reasons, defendant's claim that it is at risk of false identification and false accusation is unpersuasive.

Last, the Court rejects defendant's argument that plaintiff's request fails the Rule 26 balancing test.[1] Discovery may be barred if the burden to defendant outweighs the relevance of the requested information. See Fed. R. Civ. P. 26(b)(2)(C)(iii). Defendant argues that plaintiff's subpoena fails the Rule 26 balancing test because the information sought is not relevant and it creates an undue burden. Def.'s Br. at 4-5. The Court disagrees. As discussed previously, the evidence sought is relevant because the appropriate inquiry under Rule 26(b)(1) is not whether the information sought will lead to identifying the infringer but whether the information sought may reasonably lead to the discovery of admissible evidence. Also, there is no burden on defendant as plaintiff's subpoena is directed at a third party, Comcast. Consequently, plaintiff's request does not fail the Rule 26

---

[1] The Court is not deciding in this Order whether defendant has standing to raise this argument. In the interest of expediency the Court will address the merits of the argument.

balancing test.

Accordingly, for all the foregoing reasons,

IT IS on this 7th day of August 2015 hereby

ORDERED that defendant's Motion to Quash Subpoena [Doc. No. 7] is DENIED; and it is further

ORDERED that Comcast is directed to act in compliance with plaintiff's subpoena to disclose documents to identify the name, address, telephone number, and e-mail address of John Doe 163; and it is further

ORDERED that plaintiff is directed to act in compliance with all applicable laws to safeguard the release and disclosure of defendant's records and information only to parties in this litigation and for purposes relevant to this litigation; and it is further

ORDERED that plaintiff is responsible for serving Comcast with a copy of this Order.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

10